KRISTEN CLARKE, Assistant Attorney General
CARRIE PAGNUCCO, Acting Chief
ELIZABETH A. SINGER, Director, U.S. Attorneys' Fair Housing Program
ALAN A. MARTINSON, Trial Attorney
U.S. Department of Justice
950 Pennsylvania Avenue, NW – 4CON
Washington, DC 20530
Telephone: (202) 598-7078
Alan.Martinson@usdoj.gov

PHILLIP A. TALBERT
United States Attorney
COLLEEN M. KENNEDY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

ATTORNEYS FOR PLAINTIFF UNITED STATES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 2:23−CV−01126−JAM−AC |
| Plaintiff, | **CONSENT ORDER** |
| v. | |
| FPI MANAGEMENT, INC., | |
| Defendant. | |

## I.  INTRODUCTION

1.      This Consent Order resolves the allegations contained in the United States' Complaint that FPI Management, Inc. ("Defendant") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, when it imposed early termination charges – including requiring the repayment of rent concessions received – on nine servicemembers who terminated their residential leases after receiving qualifying military orders.

///

///

2. Defendant is a domestic stock corporation incorporated in the State of California, with its headquarters in Folsom, California. Defendant manages multi-family residential apartment properties in 16 states, including within the Eastern District of California.

3. The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041(a).

4. The parties agree that, to avoid costly and protracted litigation, the claims against Defendant should be resolved without further proceedings or an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the United States and Defendant agree to the entry of this Consent Order. This Consent Order does not constitute an admission by Defendant that it has engaged in any unlawful act or has violated the SCRA, or that the request for repayment of lease incentives constitutes an early termination charge. Defendant denies that it has engaged in any unlawful act.

5. The effective date of this Consent Order will be the date on which it is approved and entered by the Court.

It is hereby ORDERED, ADJUDGED and DECREED:

## II.   INJUNCTIVE RELIEF

6. Defendant, its officers, employees, agents, and representatives (including attorneys, contractors, or vendors) will not impose or seek to collect any early termination charge, including requiring the repayment of a lease incentive, from a servicemember or a dependent of a servicemember who lawfully terminates a residential lease in accordance with 50 U.S.C. § 3955.

7. Defendant, its officers, employees, agents, and representatives (including attorneys, contractors or vendors) shall comply with the SCRA Policies and Procedures for Lease Termination established in Part III of this Consent Order.

## III.   SCRA POLICIES AND PROCEDURES

8. Within thirty (30) calendar days of the effective date of this Consent Order, Defendant shall develop SCRA Policies and Procedures for Lease Terminations in compliance with 50 U.S.C. § 3955. These policies and procedures must include the following provisions:

CONSENT ORDER

a.  Defendant shall permit servicemembers to terminate residential leases at any time after their entry into military service or receipt of military orders for (i) a permanent change of station[1] or (ii) to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 90 days.  A servicemember's termination of a lease shall terminate any obligation a dependent of the servicemember may have under the lease;

b.  Defendant shall accept terminations upon delivery of written notice of termination and a copy of military orders[2] to Defendant, its employees, agents or representatives.  Delivery of the written notice and orders may be accomplished by hand delivery, private business carrier, U.S. mail, or electronic means reasonably calculated to ensure actual receipt of the communication by Defendant (including electronic mail, facsimile, text message or internet portal);

c.  Defendant shall treat any residential lease termination as effective no later than 30 days after the first date on which the next rental payment is due and payable after the date on which the notice was delivered.  Any rent amounts that are unpaid for the period preceding the effective date of the lease termination must be prorated. Rents or lease amounts paid in advance for a period after the effective date of the termination of the lease shall be refunded to the lessee within 30 days of the effective date of termination;

d.  Defendant may not impose any early termination charge on servicemembers terminating their leases pursuant to the SCRA, including by requiring a servicemember to repay a rent concession, incentive, or discount at termination;

e.  Defendant shall limit any charges that must be paid upon termination to those permitted by Section 3955(e)(1) of the SCRA;

---

[1] The term "permanent change of station" shall include separation or retirement from military service.

[2] The term "military orders" in this Consent Order shall include any notification, certification, or verification from the servicemember's commanding officer, or other document prepared exclusively by a branch of the military or the Department of Defense demonstrating that the lessee is eligible for lease termination under 50 U.S.C. § 3955(b)(2).

CONSENT ORDER

f.   Defendant shall not initiate or pursue a waiver of any of the lease termination rights provided under 50 U.S.C. § 3955, nor shall it enforce any such waiver that has been previously executed;

g.   Defendant shall revise its standard lease forms to ensure that any SCRA-related or early termination provisions comply with 50 U.S.C. § 3955; and

h.   In any instances where Defendant does not use its standard lease forms, Defendant shall provide a notice with the lease packet detailing eligibility for, and relief provided by, the SCRA, and providing the designated telephone number and electronic mail address to obtain SCRA relief, or raise questions or concerns regarding such relief; and

i.   Defendant shall ensure that it has a designated telephone number and electronic mail address at which servicemembers may reach a designated employee, who will address questions or concerns regarding the SCRA. Defendant shall also include a page on its website, which is presently located at www.fpimgt.com, detailing eligibility for, and relief provided by, the SCRA, and providing the designated telephone number and electronic mail address to obtain SCRA relief, or raise questions or concerns regarding such relief.

9.   No later than thirty (30) calendar days after the effective date of this Consent Order, Defendant shall provide a copy of the proposed SCRA Policies and Procedures for Lease Terminations, along with any revised lease forms, as required under Paragraph 8 to counsel for the United States.[3] The United States shall respond to Defendant's proposed SCRA Policies and Procedures within thirty (30) calendar days of receipt. If the United States objects to any part of Defendant's SCRA Policies and Procedures, the parties shall confer to resolve their differences. Defendant shall begin the process of implementing the SCRA Policies and Procedures within ten (10) calendar days of non-objection by the United States.

---

[3] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by email to counsel for the United States, as well as by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 4 Constitution Square, 150 M Street NE, Washington, DC 20002, Attn: DJ 216-11E-4.

CONSENT ORDER

10.  If, at any time during the term of this Consent Order, Defendant proposes to materially change its SCRA Policies and Procedures described herein, it shall first provide a copy of the proposed changes to counsel for the United States.  If the United States does not deliver written objections to Defendant within thirty (30) calendar days of receiving the proposed changes, the changes may be implemented.  If the United States makes any objections to the proposed changes within the thirty (30) day period, the specific changes to which the United States objects shall not be implemented until the objections are resolved pursuant to the process described in Paragraph 9.

11.  No later than thirty (30) calendar days after the effective date of this Consent Order, Defendant shall designate employees who have been specifically trained on the protections of the SCRA and who are responsible for the intake of and response to servicemembers' inquiries regarding the SCRA.

## IV.  TRAINING

12.  Within thirty (30) calendar days of the United States' non-objection to the SCRA Policies and Procedures for Lease Terminations pursuant to Paragraph 9, Defendant shall develop and provide to counsel for the United States proposed training materials related to compliance with the SCRA.  The training shall include: (a) training on the terms of the SCRA with respect to lease terminations; (b) training on Defendant's SCRA Policies and Procedures required pursuant to Paragraph 8; (c) training on the terms of this Consent Order; and (d) the contact information for the employees described in Paragraph 11.  Defendant shall provide to counsel for the United States the curriculum, instructions, and any written material included in the training.  The United States shall have thirty (30) calendar days from receipt of these documents to raise any objections to Defendant's training materials, and, if it raises any, the parties shall confer to resolve their differences.  In the event that the parties are unable to do so, either party may bring the dispute to this Court for resolution.

13.  Within thirty (30) calendar days of the United States' non-objection to the SCRA compliance training pursuant to Paragraph 12, Defendant shall ensure that all employees involved in leasing operations and/or lease terminations have completed the SCRA compliance training.

CONSENT ORDER

14. During the term of this Consent Order, Defendant shall provide annual SCRA compliance training to any employee involved in leasing operations and/or lease terminations. Defendant shall also provide SCRA compliance training within thirty (30) calendar days of hiring to any new employee who will be involved in leasing operations and/or lease terminations.

15. Defendant shall secure a signed statement in the form attached as Exhibit A from each employee at the trainings required by Paragraphs 13 and 14 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them. For the duration of this Consent Order, copies of those signed statements shall be provided to counsel for the United States upon request. Defendant shall also certify in writing to counsel for the United States, on at least an annual basis, that the covered employees successfully completed the trainings required by Paragraphs 13 and 14. Any expenses associated with the trainings required by Paragraphs 13 and 14 shall be paid by Defendant.

**V.   COMPENSATION**

16. The United States has determined that, since April 13, 2016, Defendant imposed repayment of rent discounts or concessions provided at lease signing on eight (8) servicemembers who terminated their leases early pursuant to the SCRA. The United States has determined that these repayment amounts constituted early termination charges, in violation of 50 U.S.C. § 3955(e)(1). Additionally, the United States has determined that Defendant imposed an early termination charge, in the form of a lease break fee, on one (1) other servicemember when she terminated her lease. The United States has provided Defendant with a list of these nine servicemembers and the amount of the early termination charge as to each.

17. For each servicemember identified pursuant to Paragraph 16, Defendant shall compensate the servicemember by providing: (1) a refund of any early termination charge paid; and (2) an additional payment, the amount of which the United States has provided to Defendant. The compensation described in subsection (1) shall be distributed equally among the servicemember and any co-lessees named on the lease. The compensation described in subsection (2) shall be paid entirely to the servicemember who terminated the lease under the SCRA.

18.  In cases where Defendant has already taken remedial actions with respect to a lease termination, the United States has considered such remedial actions and adjusted the compensation awarded.

19.  Within ten (10) business days of the effective date of this Consent Order, Defendant shall deposit the sum of $51,587 into an interest-bearing account for the purpose of fulfilling its obligations under Paragraph 17.  Title to the escrow account will be in the name of "FPI Management, Inc. for the benefit of aggrieved persons pursuant to Order of the Court in *United States v. FPI Management, Inc.*"  Defendant will provide written verification of the deposit to the United States within ten (10) business days of the effective date of this Consent Order.  Any taxes, costs, or other fees related to the escrow account shall be paid by Defendant.  The United States acknowledges that the amounts in the escrow account required by this Paragraph are for the benefit of the aggrieved persons identified pursuant to Paragraph 16.  In the event that an aggrieved person refuses to accept their allocated compensation and has elected to pursue an independent claim for relief under the SCRA against Defendant, Defendant shall be permitted to withdraw the amount of compensation allocated to that aggrieved person from the escrow account.  If Defendant wishes to make such a withdrawal, it shall notify the United States of the aggrieved person involved and provide relevant supporting documentation at least twenty (20) days before it intends to withdraw the funds.  If the United States objects to the proposed withdrawal, the parties shall confer to resolve their differences.  If the parties are unable to come to an agreement, either party may bring the dispute to this Court for resolution.

20.  Defendant must deliver payment to each servicemember, except for any servicemembers currently residing in Oregon, in the amount calculated pursuant to Paragraph 17 within thirty (30) days of the effective date of this Consent Order.

21.  All compensation checks may include the phrase "Settlement in Full" in the memorandum section.  All compensation checks shall be accompanied by a copy of a letter (the form of which is to be approved in advance by the United States) explaining that cashing or endorsing the check releases all claims related to the SCRA Section 3955 violations alleged in the complaint.

22.  For any servicemembers that Defendant believes are currently residing in Oregon, Defendant shall send a letter (the form of which is to be approved in advance by the United States)

CONSENT ORDER

containing a Release in the form attached as Exhibit B within thirty (30) days of the effective date of this Consent Order.  Within thirty (30) days of receiving a properly executed copy of the Release at Exhibit B, Defendant shall issue and mail a compensation check to the servicemember in the amount calculated pursuant to this Consent Order.

23. Defendant shall promptly skip trace and redeliver or reissue any payment or notification that is returned as undeliverable, or that is not deposited, cashed, or returned within six (6) months of the date the initial payment is sent.

24. Servicemembers shall have six (6) months after issuance to cash or deposit their compensation checks.  During the term of this Consent Order, Defendant shall, upon the request of a servicemember or co-lessee entitled to compensation, or upon the request of the counsel for the United States, reissue any checks that have not been cashed or deposited prior to their expiration.

25. Every six (6) months for a period of four and a half (4.5) years following the mailing of notices to those who are entitled to compensation, or until all compensation payments have been completed, Defendant shall provide counsel for the United States with an accounting of all releases received, checks issued, checks cashed or deposited (including check copies), and notifications without responses or that were returned as undeliverable.

26. Any amounts in the escrow account required by Paragraph 19 that have not been distributed to aggrieved persons within five (5) years of the date of this Consent Order shall be paid to the United States Treasury in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

27. Defendant will not refuse to make a payment based on a waiver or release of legal claims or an arbitration agreement previously signed by any such recipient.

28. No individual may obtain review by the Parties of the identifications made and payments disbursed (including the amounts thereof) pursuant to the Consent Order.

CONSENT ORDER

## VI.   OTHER RELIEF

29.   Within thirty (30) calendar days of the effective date of this Consent Order, Defendant must request that all three (3) major credit bureaus[4] and any other database to which it reports remove any negative entries resulting from Defendant's reports of non-payment of early termination charges, including those related to lease concessions and discounts.

30.   Within sixty (60) days after completion of its obligations in Paragraph 29, Defendant shall provide counsel for the United States with an accounting of all credit and tenant database entries repaired.

31.   Defendant shall not pursue, and must indemnify any servicemember against any third-party's pursuing, any outstanding balance or deficiency that is related to repayment by servicemembers who terminated their residential leases under the SCRA of lease incentives that were provided to them or other early termination charges.

## VII.   CIVIL PENALTY

32.   Within thirty (30) calendar days of the effective date of this Consent Order, Defendant shall pay a total of $22,500 to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 4041(b)(3) and 28 C.F.R. § 85.5 to vindicate the public interest.  The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VIII. ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

33.   For the duration of this Consent Order, Defendant shall retain all records relating to its obligations hereunder, including its records with respect to the termination of servicemember leases and all records relating to compliance activities as set forth herein.  The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.  Defendant shall not be obligated to retain records relating to its obligations hereunder to the extent Defendant is required by applicable law or by the owner of the records to relinquish control of the records or destroy

---

[4] Equifax, Experian and TransUnion.

records.  In instances where Defendant is required to relinquish control or destroy records (e.g., where a property management agreement is terminated and Defendant no longer manages the property and no longer has access to the records), Defendant will not be required to retain such records as otherwise required under this Paragraph.

34.     During the term of this Consent Order, Defendant shall notify counsel for the United States in writing every three months of receipt of any SCRA or military-related complaint against Defendant or its agents or principals.  Defendant shall provide a copy of any written complaints with the notifications. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, telephone number, and email address.  Defendant shall also promptly provide counsel for the United States all information it may request concerning any such complaint and shall inform counsel for the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint.  If the United States raises any objections to Defendant's actions, the Parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review.  If the Parties are unable to come to an agreement regarding such objections or concerns, either party may bring the dispute to this Court for resolution.

## IX. SCOPE OF CONSENT ORDER

35.     The provisions of this Consent Order shall apply to Defendant and any of its subsidiaries, predecessors, acquired companies, or successors.  It shall also apply to the officers, employees, agents, attorneys, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with any of those entities.

36.     In the event that Defendant is acquired by or merges with another entity, Defendant shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

37.     Defendant shall not be liable or responsible for SCRA violations committed by property owners of properties that Defendant manages, so long as Defendant does not encourage or actively participate in those violations.

CONSENT ORDER

38.   This Consent Order releases the United States' claims against Defendant and its principals (including the owners of the properties where the servicemember tenants resided), officers, directors, employees, agents, attorneys and shareholders, as well as their successors and assigns for violations of Section 3955(e) of the SCRA addressed in the Complaint or identified in this Consent Order.  This Consent Order does not release claims for practices not addressed in the Complaint's allegations, and it does not resolve and release claims other than claims against Defendant for violations of 50 U.S.C. § 3955 that are addressed in this Consent Order.  This Consent Order does not release any claims that may be held or are currently under investigation by any other federal agency.

39.   Nothing in this Consent Order will excuse Defendant's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendant that imposes additional obligations on it.

## X.   TERMINATION OF LITIGATION HOLD

40.   The Parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

## XI.   MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

41.   Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

42.   The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 43.

43.   The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a

CONSENT ORDER

failure by Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendant's violation or failure to perform.

## XI. RETENTION OF JURISDICTION

44. The Court shall retain jurisdiction over all disputes between the Parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

45. This Consent Order shall be in effect for a period of five (5) years from its date of entry, after which time this case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

**IT IS SO ORDERED**.

Dated: June 13, 2023        /s/ John A. Mendez
                                    THE HONORABLE JOHN A. MENDEZ
                                    SENIOR UNITED STATES DISTRICT JUDGE

By their signatures below, the Parties consent to the entry of this Consent Order.

*For the United States:*

Dated: JUNE 13, 2023

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

/s/ Alan A. Martinson
CARRIE PAGNUCCO, Acting Chief
ELIZABETH A. SINGER, Director
U.S. Attorneys' Fair Housing Program

ALAN A. MARTINSON, Trial Attorney
Civil Rights Division
U.S. Department of Justice
Housing and Civil Enforcement Section

PHILLIP A. TALBERT
United States Attorney
COLLEEN M. KENNEDY
Assistant United States Attorney

*For FPI Management, Inc.*

Dated: JUNE 13, 2023

WILKE FLEURY LLP

/s/ Daniel J. Foster
DANIEL J. FOSTER
Attorneys for FPI MANAGEMENT, INC.

CONSENT ORDER

## <u>EXHIBIT A</u>

## EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____ _____, 20___, I was provided training regarding Servicemembers Civil Relief Act (SCRA) compliance, the Consent Order entered in *United States v. FPI Management, Inc.*, Civil No._____ (E.D. Cal.), and the SCRA Policies and Procedures that are applicable to my duties.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.


_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

CONSENT ORDER

## **EXHIBIT B**

### **RELEASE (for residents of Oregon)**

In consideration for the parties' agreement to the terms of the Consent Order resolving the United States' allegations in *United States v. FPI Management, Inc.*, Civil No. _____ (E.D. Cal.) and payment to me of $ [AMOUNT], I, [NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above that pertain to alleged violations of Section 3955 of the Servicemembers Civil Relief Act that I may have against FPI Management, Inc. and the owner of the property FPI Management, Inc. managed during my tenancy at the property ("Property Owner") and all FPI Management, Inc.'s and Property Owner's related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents, managers, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns.  I do not release any other claims that I may have against FPI Management, Inc. or the Property Owner under any other section of the Servicemembers Civil Relief Act.

Executed this _____ day of _____, 20__.


SIGNATURE: _____


PRINT NAME: _____


MAILING ADDRESS: _____

_____

PHONE:_____

EMAIL:_____

CONSENT ORDER